# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| IMAD KHAMIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09CV145RWS |
| | ) | |
| BD. OF REGENTS, SOUTHEAST | ) | |
| MISSOURI STATE UNIVERSITY | ) | |
| AND SOUTHEAST MISSOURI | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Imad H. Khamis sues Defendants Board of Regents, Southeast Missouri State University and Southeast Missouri State University for employment discrimination. After Defendants moved to dismiss, or in the alternative for summary judgment, Khamis submitted an affidavit in support of his memorandum in opposition. On May 10, 2010, Defendants moved to strike the affidavit on the basis that it contains statements about matters that Khamis has no personal knowledge and that it fails to comply with the requirements of Fed. R. Civ. P. 56(e).

Because Khamis's memorandum in opposition is not a pleading, I will deny Defendants' motion.

*Discussion*

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). By its own terms, Rule 12(f) applies only to pleadings, and is not a proper way to strike an opponent's affidavits. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, at 391–92 (3d ed. 2004); cf. Avante Int'l Tech. Corp. v. Premier Election Solutions, Inc., 2008 WL 2783237, at *8 (E.D. Mo. July 16, 2008) (concluding that Rule 12(f) cannot be used to strike documents filed in support of a motion for summary judgment); Brannon v. Luco Mop Co., 2007 WL 172374, at *1 (E.D. January 18, 2007) (same).

"A motion to strike is properly directed only to material contained in pleadings." Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc., 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008). Rule 7(a) defines pleadings as the complaint, answer to a complaint, answer to a counterclaim designated as a counterclaim, answer to a crossclaim, third party-complaint and, if the court orders one, reply to an answer. Fed. R. Civ. P. 7(a). Affidavits may not be attacked by a motion to strike. Mecklenburg, 2008 WL 2518561, at *1.

The affidavit attached to Khamis's memorandum in opposition is not a pleading and cannot be attacked with a motion to strike. As a result, I will deny

Defendants' motion to strike. However, because Rule 56(e) requires affidavits be made on personal knowledge and set out facts that would be admissible in evidence, I will not consider any portions of the affidavit that are not based on personal knowledge or that contain inadmissible hearsay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Board of Regents, Southeast Missouri State University and Southeast Missouri State University's motion to strike [#51] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Imad H. Khamis's motion for an extension of time to file a response to Defendants' motion to strike his affidavit [#55] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff Imad H. Khamis's motion for leave to file a surreply[1] [#55] is **DENIED**.

Dated this 13th Day of May, 2010.

                                      _/s/ Rodney W. Sippel_
                                      RODNEY W. SIPPEL
                                      UNITED STATES DISTRICT JUDGE

---

[1] The motion requests leave to file a response to Defendants' reply to Plaintiff's memorandum in opposition to Defendant's motion to strike and Defendants reply to Plaintiff's memorandum in opposition to Defendants' motion to dismiss, or in the alternative, for summary judgment. I interpret this to be a request for leave to file a surreply.