# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

IMAD H. KHAMIS,          )
                       )
       Plaintiff,       )
                       )
      v.               )       No. 1:09CV145RWS
                       )
BD. OF REGENTS, SOUTHEAST  )
MISSOURI STATE UNIVERSITY  )
AND SOUTHEAST MISSOURI    )
STATE UNIVERSITY,         )
                       )
       Defendants.    )

## MEMORANDUM AND ORDER

Plaintiff Imad H. Khamis sues Defendants Board of Regents, Southeast Missouri State University and Southeast Missouri State University for employment discrimination. On November 19, 2009, Khamis filed his first amended complaint which alleged, among other things, that "Plaintiff filed a timely complaint (the Charge) against Defendants on February 29, 2008 and more than 180 days has [sic] passed since that filing. *Said Charge is attached hereto as Exhibits I. and II. and incorporated herein by reference*" (emphasis added). Defendants have moved to strike the attachments because they, Defendants argue, are not in compliance with Fed. R. Civ. P. 8. Because the copy of Khamis's Missouri Commission on Human Rights charge of discrimination is neither

redundant, immaterial, impertinent, nor scandalous, I will deny Defendants' motion.

***Discussion***

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are viewed with disfavor and are infrequently granted. Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, at 394 (3d ed. 2004). Because Rule 12(f) motions are often used as a delay tactic, there is general judicial agreement "that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." 5C Wright & Miller, § 1380, at 436.

Defendants argue I should strike Exhibit I, which is Khamis's Missouri Commission on Human Rights (MCHR) administrative discrimination charge form, and Exhibit II which was an attachment to his MCHR charge because Exhibit II "contains rambling, self-serving accusations and criticisms about how Plaintiff feels his unsuccessful tenure application was processed" and such exhibits do not comply with Rule 8's requirement that allegations "be simple, concise and direct." Fed. R. Civ. 8(d)(1). In their reply, Defendants apparently

contend that Exhibit II is *not* an attachment to Khamis's MCHR charge, but is instead "A document created by Plaintiff and filed weeks after Defendant filed its Answer to the Amended Complaint."

Khamis argues that Defendants' motion to strike should be denied because it was untimely. Rule 12(f) requires that any motion to strike be filed either before responding to a pleading or, if a response is not required, within 20 days after being served with the pleading. Fed. R. Civ. P. 12(f)(2). That time limitation is flexible, however. A court may consider an untimely motion to strike because it may strike material from the pleadings on its own initiative. Fed. R. Civ. P. 12(f)(1); <u>Lunsford</u>, 570 F.2d at 227 n.11.

Khamis also argues Defendants' motion to strike should be denied because his administrative charge is relevant to his lawsuit. Defendants respond that the motion to strike was not filed under Rule 12, but was filed under Rule 8. Rule 8 does not contemplate motions to strike. Defendants seem to argue that Rule 12(f) is inappropriate because "Exhibits I and II were never properly part of the pleadings." The only mechanism for striking material attached to a pleading is Rule 12(f). To the extent Defendants attempt to strike Khamis's attachments through some other mechanism, Defenants' motion is denied.

To the extent Defendants' motion is based on Rule 12, I note that a plaintiff's administrative charge of discrimination is neither "redundant, immaterial, impertinent, [n]or scandalous."  As a result, I will deny Defendants' motion to strike.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Board of Regents, Southeast Missouri State University and Southeast Missouri State University's motion to strike [#31] is **DENIED**.

Dated this 13th Day of May, 2010.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE